UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RED MOUNTAIN MEDICAL
HOLDINGS, INC. f/k/a CDx
DIAGNOSTICS, INC.,

    Plaintiff,

    v.

JOEL V. BRILL, M.D. AND PREDICTIVE
HEALTH, LLC,

    Defendants.

Civil Action No. 1:20-CV-02652

**STIPULATED PROTECTIVE ORDER**

NAOMI R. BUCHWALD, District Judge:

WHEREAS the parties have agreed, through their undersigned counsel, to the following terms of confidentiality, and the Court has found that good cause exists for issuance of an appropriately tailored confidentiality order pursuant to Federal Rule of Civil Procedure 26(c) governing this action, it is hereby acknowledged that a protective order is necessary and appropriate to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect nonpublic and/or competitively sensitive material entitled to be kept confidential that may need to be disclosed in connection with discovery in this action;

IT IS HEREBY ORDERED that any party subject to this Order—including without limitation, the parties to this action, their representatives, agents, experts and consultants—shall adhere to the following terms:

    1.    This Stipulated Protective Order (this "Stipulation" or "Order" or "Protective Order") shall apply to all "Discovery Material," which includes information and materials

produced or disclosed during the course of the above-captioned action (the "Action" or "Litigation"), by any party, including but not limited to information produced or disclosed:

(a) In any pleading, document, affidavit, affirmation, declaration, interrogatory answer, response to request for admission, brief, motion, transcript, or any other writing;

(b) In testimony given in a deposition, and any copies, or summaries of such information; or

(c) Through any manner or means of discovery, including the inspection or production of electronic data, books, records, documents, or any other material or tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure.

2. The term "party" in this Order refers to any named party to the Action or any third parties responding to subpoenas issued in connection with this Action.

3. Any party subject to this Order who receives from any other party any Discovery Material (defined in paragraph 1) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential material to anyone else except as expressly permitted hereunder.

4. The party producing any Discovery Material (the "Producing Party") may designate as "Confidential" any Discovery Material or portion of Discovery Material if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information" or "Confidential Material").

5. The Producing Party may designate such materials as Confidential by stamping or otherwise clearly marking as Confidential the document or portion thereof in a manner that

will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or within thirty (30) days of receipt of the transcript.

6. Documents marked Confidential and the information contained therein shall not be disclosed to anyone by the party receiving the Confidential Material (the "Receiving Party") except as provided in this Order. A confidentiality designation by one party shall not be deemed an acknowledgment of confidentiality by any other party except for purposes of this Order. Each party hereto reserves the right to make an application to the Court on notice challenging a designation of confidentiality in whole or part of any document or information.

7. In the event that the Receiving Party disagrees with the Producing Party's designation of information as Confidential, counsel for the parties shall confer in good faith to resolve the issue. If a consensual resolution is not reached within ten (10) business days, counsel for any affected party may seek intervention from the Court to obtain a ruling. The material in question shall be treated as Confidential Information pending resolution of the issue. The Producing Party shall bear the burden of establishing that the material in question is entitled to the designation of Confidential assigned by the Producing Party.

8. In the event that any party obtains documents or information from a party or nonparty that it believes are confidential, any party may designate such information as Confidential Material pursuant to this Stipulation by marking the pages as Confidential and it shall be treated as such in accordance with this Order.

9. If at any time prior to the trial of this action, a Producing Party realizes that some portion[s] of Discovery Material that it previously produced without limitation should be designated as Confidential, it may so designate by notifying all parties in writing, and such

designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the Producing Party shall provide each other party with replacement versions of such Discovery Material that bear the "Confidential" designation within three (3) business days of providing such notice.

10. If at any time prior to the trial of this action, a Receiving Party realizes that some portion[s] of Discovery Material that previously was produced to it without limitation should be designated as Confidential, the Receiving Party must notify the Producing Party in writing, and maintain the at-issue portion[s] of Discovery Material as "Confidential" under the terms of this Order pending the review and decision on the status of the at-issue portion[s] of Discovery Material by the Producing Party.

11. No party subject to this Order other than the Producing Party shall use any Discovery Material designated as Confidential (or as Attorneys' Eyes Only pursuant to paragraph 17) for any purpose other than this litigation, and shall only use such Confidential Information or Attorneys' Eyes Only material in accordance with the terms of this Order. Any copies of Discovery Material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Confidential or for Attorneys' Eyes Only in keeping with the Producing Party's designation, and the same terms regarding confidentiality of these materials shall apply to the originals.

12. Unless otherwise ordered by the Court or agreed to by the parties in writing, Confidential Information shall not be disclosed to anyone except for:

    (a) the parties to this action;

    (b) counsel in this action, including any employee engaged by such counsel and working on this matter;

Case 1:20-cv-02652-NRB   Document 43   Filed 03/14/22   Page 5 of 10

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) for purposes of investigation, preparation, deposition, or trial in this Action only, any deponent, witness, or potential deponent or potential witness who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed knowledge of facts and circumstances to which the document relates in accordance with the procedures set forth in paragraph 14 of this Stipulation;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, in accordance with the procedures set forth in paragraph 14 of this Stipulation;

(f) stenographers engaged to transcribe depositions conducted in this action;

(g) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this Action and computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court and its support personnel; and

(i) any other person whom the Producing Party, or other person designating the Discovery Material confidential pursuant to paragraph 8 above, agrees in writing may have access to such Discovery Material.

13. Unless otherwise ordered by the Court, if any Discovery Material is designated as "Attorneys' Eyes Only" or "AEO" pursuant to paragraph 17, such information shall be maintained in confidence solely for use in connection with the Litigation and shall not be used in

any way for any other purpose, including any business purpose, and such materials shall not be disclosed to any person except:

(a) counsel who represent the Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation and Protective Order;

(b) subject to paragraph 14, experts or consultants assisting counsel for the Parties, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside litigation support services) who are assisting with the Litigation, provided the experts or consultants first execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(c) a witness of the Producing Party in the course of the witness' testimony in a deposition or trial conducted in the Litigation to the extent reasonably deemed necessary by counsel for a named Party in order to examine such witness; and

(d) the Court and its legal, clerical, secretarial and other supporting staff and assistants, including a stenographic reporter or certified videotape operator engaged in such proceedings as are a necessary incident to trial of this Action and/or preparation of the Litigation for trial; and

(e) any other person, only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party, provided that such person signs an undertaking in the form attached as

Exhibit A hereto.

14. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 12 (d) and (e) and subparagraph 13 (b) above, such person shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms, and consenting to the Court's jurisdiction for the purpose of enforcing this Order.

15. No Confidential Material shall be filed in the record of this Action or with the Court except as follows:

(a) If a Party uses Confidential Material in a pleading, motion, or other submission filed with the Court, the Party using the Confidential Material shall redact such Confidential Material from the submission filed in the public file, but will provide an unredacted complete courtesy copy to the judge with a request that the courtesy copy not be included in the public file. If redaction of only the Confidential Material as set out above would be both significantly impractical and likely to be unduly burdensome for the Court, the filing party may request an order from the Court directing the sealing of the Confidential Material, or placing the entire pleading, motion or submission under seal, provided, however, that any delay in filing occasioned by the need for such a court order shall not result in a default by the Party seeking such order or otherwise prejudice the Party's rights.

(b) If a Party intends to use or elicits testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the Party intending to so use Confidential Material shall take all steps reasonably required to protect the material's confidentiality during

such use. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or to cause a Party to be in breach of this Stipulation when acting in compliance with an order or direction of the Court.

16. Each party who has access to Confidential Material shall take all precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Any party who requests "Attorneys' Eyes Only" protection may designate any document or information, in whole or in part, as Attorneys' Eyes Only if counsel determines, in good faith, that such designation is necessary due to the information's highly private, sensitive, competitive or proprietary nature and that present disclosure to persons other than those identified below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the producing party. A designation of material as Attorney's Eyes Only constitutes a representation that such information has been reviewed by an attorney for the producing party and that there is a valid basis for such designation. Information and documents designated by a party as Attorneys' Eyes Only will be stamped "ATTORNEYS' EYES ONLY." If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with applicable rules.

18. Nothing in this Stipulation shall be construed to limit, modify, or interfere in any manner with any Producing Party's use of its own Confidential Material.

19. In accordance with Rule 502 of the Federal Rules of Evidence, if a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter, in this

Action, or in any other federal or state proceeding.

20. If a Producing Party makes a claim of inadvertent disclosure, upon written request of the Producing Party, the Receiving Party shall, within three (3) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a confirmation by counsel that all such information has been returned or destroyed.

21. This Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, including any post-trial motions or appellate proceedings, all Discovery Material designated as "Confidential," and all copies thereof, shall be returned to the Producing Party, or, upon permission of the Producing Party, destroyed. Counsel may retain their work product, copies of court filings, and official transcripts and exhibits, provided that all retained documents that contain Confidential Information are kept confidential and will continue to be treated as provided by this Stipulation.

22. During the pendency of this case only, this Court shall retain jurisdiction over all parties subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23. The Parties reserve the right to seek modification of this Stipulated Protective Order by application to the Court for good cause shown.

SO STIPULATED AND AGREED.

Dated: March 14, 2022

**FOLEY & LARDNER LLP**

By: /s/ *Christopher A. DeGennaro*
    Chris A. DeGennaro
    90 Park Avenue
    New York, NY 10016-1314
    Tel: (212) 338-3405
    Fax: (212) 687-2329
    cdegennaro@foley.com

-and-

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

By: /s/ *Andrew Hurst*
    Andrew Hurst
    901 K Street, N.W., Suite 900
    Washington, D.C. 20001
    Tel: (202) 508-3400
    ahurst@bakerdonelson.com

*Attorneys for Defendants Joel V. Brill, M.D. and Predictive Health, LLC*

**SCHLAM STONE AND DOLAN LLP**

/s/ *Channing J. Turner*
Jeffrey M. Eilender
Erik S. Groothuis
Jessica R. Caterina
Channing J. Turner
26 Broadway
New York, New York 10004
Tel: (212) 344-5400
Fax: (212) 344-7877
jeilender@schlamstone.com
jlavignealbert@schlamstone.com
jcaterina@schlamstone.com
cturner@schlamstone.com

*Attorneys for Plaintiff Red Mountain Medical Holdings, Inc.*

SO ORDERED.

Dated: ~~March 14, 2022~~
New York, New York

NAOMI R. BUCHWALD
United States District Judge
3/15/22